U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
SEP 06 2005
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WALTER LEE MARSHALL | CIVIL ACTION NO. 05-0503-A |
| VS. | SECTION P |
| TIM WILKINSON, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Walter Lee Marshall on March 22, 2005. Marshall is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana where he is serving a seventeen year hard labor sentence imposed by the Ninth Judicial District Court, Rapides Parish following his conviction on charges of possession with intent to distribute cocaine and purse snatching and, his subsequent adjudication as an habitual offender pursuant to LSA R.S.15:529.1.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, along with the presumptively reliable published jurisprudence of

the State of Louisiana establish the following relevant facts:

1. On August 21, 1995 petitioner pled guilty to one count of possession with intent to distribute controlled dangerous substances in the matter entitled <u>State of Louisiana vs. Walter Lee Marshall</u>, Docket Number 239,013 and one count of purse snatching in the matter entitled <u>State of Louisiana vs. Walter Lee Marshall</u>, Docket Number 240,898. On the same date, petitioner was charged as a third felony offender and following his guilty plea he was so adjudicated and sentenced to serve concurrent sentences of seventeen and ten years. [Doc. 1-5, Exhibits, pp. 32-47]

2. Petitioner did not appeal his conviction and sentence. [Doc. 1-1, p. 3, paragraph 6-(a)][1] (Petitioner apparently filed

---

[1] Indeed, petitioner could not have appealed either his conviction or sentence. Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See <u>State v. Crosby</u>, 338 So.2d 584 (La.1976). See also La. C.Cr.P. art. 881.2(A)(2) which provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." The plea colloquy submitted by petitioner suggests that petitioner's sentence was imposed in conformity with a plea agreement set forth in the record at the time of the plea. Prior to accepting petitioner's plea, the court asked petitioner, "And you've looked on this yellow sheet of paper that is attached as to what the sentence is going to be, is that correct?" To which petitioner responded, "Yes, sir." [Doc. 1-5, p. 33] At the conclusion of sentencing, the court asked, "Mr. Marshall is that the sentence you expected to receive? ... Seventeen years. Is that the sentence you expected to receive?" To which he again responded in the affirmative. [id., p. 46]

2

an Application for Post-Conviction Relief in the Ninth Judicial District Court, however he has not alleged the date of this filing. This application was apparently denied by the district court and the Third Circuit Court of Appeals because on April 19, 2002, the Louisiana Supreme Court denied an application for remedial writs and cited La. C.Cr.P. art.930.8, State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189, La. C.Cr.P. art. 930.3, and State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172.)[2] [See State ex rel. Walter Marshall v. State, 2001-2091 (La. 4/19/2002), 813 So.2d 424.]

3. On or about April 26, 2003, petitioner filed a *pro se* Motion to Vacate an Illegal Multiple Bill Sentence in the Ninth Judicial District Court and argued three claims for relief: "Claim Number One – Constructive Denial of Counsel;" "Claim Number Two – Failure to advise of right to remain silent and his constitutional and statutory rights and right to a formal hearing on multiple bill;" and, "Claim Number Three – Failure to vacate original sentence." [Doc. 1-5, pp. 2-11]

---

[2] La. C.Cr.P. art. 930.8 provides a two year limitations period for filing applications for post-conviction relief. State ex rel. Glover v. State, supra, at 1201-02, held, among other things, that the Louisiana Courts of Appeal are not precluded from denying relief on basis of the post-conviction time bar provided by art. 930.8 even if a lower court actually addressed the merits of the case. State ex rel. Melinie v. State, supra, held that La. C.Cr.P. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction.

4. Petitioner's Motion was apparently denied on May 7, 2003. [Doc. 1-5, p. 25] Thereafter, petitioner sought review in the Third Circuit Court of Appeals. [Doc. 1-5, pp. 12-17]

5. The Third Circuit apparently treated petitioner's Motion as an application for post-conviction relief and denied it as untimely pursuant to La. C.Cr.P. art. 930.8. [See Statement of Proceedings Below, Application for Writs, Doc. 1-5, p. 28] Petitioner sought further review in the Louisiana Supreme Court. On some unspecified date he filed an application for writ of certiorari in that court. [Doc. 1-5, pp. 18-24; 26-31]

6. On November 19, 2004, petitioner's writ application was denied by the Louisiana Supreme Court which again cited art. 930.8, State ex rel. Glover v. State, art. 930.3, and State ex rel. Melinie v. State. See State ex rel. Walter Lee Marshall v. State of Louisiana, 2003-3007 (La. 11/19/2004), 888 So.2d 187.

7. Petitioner's federal habeas corpus petition was signed and therefore considered filed in this court on February 15, 2005.[3]

---

[3] In accordance with the "mailbox rule," the earliest date upon which petitioner's pleadings could be said to have been filed is the date he signed his pleadings and apparently delivered them to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), which established a bright-line "mailbox rule" for pro se prisoners. The Supreme Court recognized that without a mailbox rule, prisoners acting *pro se* would be unduly prejudiced in their attempts to exercise their rights under the law: "Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily

4

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[4]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed

---

ceases as soon as he hands it over to the only public officials to whom he has access- the prison authorities-and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." Houston, 487 U.S. at 271-72, 108 S.Ct. at 2382-83.

[4] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from any other event as provided in subsections (B), (C), or (D) of §2244(d)(1). He does not claim the existence of any state created impediments which inhibited him from filing his federal petition. He does not suggest that his present claims are based upon a constitutional right newly recognized by the United States Supreme Court. Finally, he does not claim that the factual predicate of his claim was only recently discovered.

5

application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at §2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Marshall, whose convictions were final[5] prior to the effective date of AEDPA.

---

[5] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner's judgment of conviction and sentence became final for AEDPA purposes when this five day period expired sometime in late August, 1995.

United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998); Villegas v. Johnson, 184 F.3d at 469 (5th Cir. 1999); Flores, *supra*.

If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Coleman, *supra*; Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

As noted above, petitioner's judgment of conviction and sentence became final in late August, 1995. Since his conviction became final prior to the April, 1996 effective date of the AEDPA, petitioner must be afforded the one-year grace period. Therefore, petitioner had until April, 1997 within which to file his federal habeas corpus petition. The evidence submitted suggests that petitioner did not successfully toll the limitations period prior to expiration of the one-year grace period.

7

Petitioner apparently filed an Application for Post-Conviction Relief sometime after August, 1995 but prior to April, 2002. In order to successfully toll the one-year grace period, petitioner would have had to file this pleading prior to the expiration of the grace period. It appears that he did not. As shown above, this application was determined by the Louisiana Supreme Court to be untimely under Louisiana law. See State ex rel. Marshall v. State, 2001-2091 (La. 4/19/2002), 813 So.2d 424 The Supreme Court cited La. C.Cr.P. art. 930.8 as grounds for dismissal. That article provides a two-year limitations period for the filing of applications for post-conviction relief; the two-year period is reckoned from the date of finality of judgment. Thus, since it has been established that petitioner's judgment of conviction and sentence became final in August, 1995, the Supreme Court's writ denial suggests that petitioner's first Application for Post-Conviction Relief was not filed until sometime after August, 1997, well beyond the grace period which expired in April, 1997.

However, even if this application had been timely filed, and even if the application remained properly filed and pending until April 19, 2002, a full year lapsed between the Louisiana Supreme Court's writ denial on April 19, 2002 and April 26, 2003, the date he filed his second application for post-conviction relief.

Finally, recent developments in United States Supreme Court

jurisprudence remove any doubt concerning the timeliness of petitioner's *habeas* petition. A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under Louisiana law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. See Pace v. DiGuglielmo, — U.S. —, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response

9

to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE